{¶ 54} I concur with the majority as to the first and third assignments of error, but I respectfully dissent as to the second assignment of error.
 {¶ 55} In the second assignment of error, Breland argues that the state committed prosecutorial misconduct in its closing argument by repeatedly misstating the elements of the charges and by improperly commenting on the credibility of the witnesses.
 {¶ 56} The majority of the allegedly improper arguments, as quoted in the majority's opinion, are completely innocuous. The prosecutor commented on Breland's testimony that he accidentally touched J.P. between her legs and that the touching lasted less than one second. As discussed in the first assignment of error, R.C. 2907.05(A)(4) does not require a precise culpable state of mind. Thus, the prosecutor commented correctly that it did not matter why or for how long Breland's hand came to be around J.P.'s private area.
 {¶ 57} The majority also finds that the prosecutor committed misconduct by expressing her personal belief or opinion that Breland was lying on the stand. The prosecutor, however, was not commenting based on her personal belief. A prosecutor is permitted to "comment fairly on a witness' credibility based upon his or her in-court testimony." State v.Kish, 11th App. No. 2001-L-014, 2002-Ohio-7130, at ¶ 52 (citation omitted). Breland's in-court testimony was that he gave conflicting statements to the detectives that he never touched J.P. and that he accidentally touched her between her legs. Breland's testimony regarding the voluntariness of the statements he gave the detectives was equivocal. Breland also gave conflicting testimony about the length of his service in the navy. The prosecutor is entitled to make reasonable inferences based on a witness' conflicting testimony. Id. ("it is not improper for a prosecutor to comment upon the evidence in his closing argument and to state the appropriate conclusions to be drawn therefrom").
 {¶ 58} Finally, the prosecutor did improperly appeal to the jury's emotions by stating that "they should find [Breland] guilty if they would not let him be alone with their child." This one statement, however, falls far short of establishing the prejudice necessary to overturn the conviction. "If every remark made by counsel outside of the testimony were grounds for a reversal, comparatively few verdicts would stand * * *." Dunlop v. United States (1897), 165 U.S. 486, 498. The focus of our review should be the overall fairness of the prosecutor's closing argument, not an isolated instance within that argument. Smith v.Phillips (1982), 455 U.S. 209, 219.
 {¶ 59} Accordingly, I respectfully dissent.